UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANNY ANDREW YOUNG,<br><br>*Petitioner*,<br><br>v.<br><br>BRIAN WILLIAMS, *et al.,*<br><br>*Respondents*. | Case No. 2:12-cv-00524-RFB-NJK<br><br>**ORDER** |

This habeas matter under 28 U.S.C. § 2254 currently is pending before the Court for a decision on the merits on the claims presented by petitioner Danny Young. Supplementation of the briefing and record are needed as to Grounds 1(b) and 3.

### *Ground 1(b)*

Ground 1(b) includes a claim that the evidence was insufficient to sustain Young's conviction for attempted sexual assault because he could not be convicted of attempted sexual assault, which requires that the attempt be unsuccessful, because he successfully achieved penetration. (ECF No. 23, at 11-12; ECF No. 62, at 14-16.)

Heading into the trial, the second amended information alleged that Young committed attempted sexual assault "by lifting the buttocks of said [A.W.] in an effort to place his penis into her vaginal opening, against her will." (ECF No. 25-2, at 3.)

The trial evidence reflected, *inter alia*, that Young was A.W.'s biological father, but they had met only a handful of times. In October 2004, the 16-year-old A.W. came to Las Vegas to spend some time with her father. After A.W. had gone to sleep on the sofa bed

on her second night in town, Young got into bed behind her in the middle of the night while she was on her side and began grinding against her "booty" with his penis and kissing her back, while she feigned still being asleep. (ECF No. 25-6, at 28-32, 43-45, 63, 65-70, 92-94 156-58 & 160-61.)[1]

Young was behind A.W. for only a relatively short interval, less than five minutes. During this interval, Young attempted to enter A.W.'s vagina with his penis from behind, but he was not successful. (*Id.*, at 45 & 94-95.)

A.W. testified that Young then took her panties off her and turned her onto her back, or in her terms "flipped me over," meaning moving her from laying on her side to laying on her back. At one point in her testimony, A.W. testified that when Young did so "he tried to wake – well, I don't know if he knew I was woke or he was trying to get me woke." At another point, she testified that "he didn't succeed [at entering me from behind] so he turned me over." (*Id.*, at 45 & 94-97.)

Young initially still was unable to enter A.W. successfully after he turned her onto her back. A.W. testified that, thereafter:

> Q    So other than not kissing, did he do anything else with your body during that time?
>
> A    At once he put – he lifted my buttocks, lifted it up to see if it will go in clear – I mean, he was trying to get it in, so that was it.
>
> Q    Okay. Did it go in at that time?
>
> A    Yes, it did.

(*Id.*, at 46.)

Young thereupon engaged in genital sexual intercourse until he ejaculated inside A.W. (*Id.*, at 45-47, 97-100, 105-07 & 159.)

On direct appeal, Young challenged the sufficiency of the evidence also on another basis; and he also argued, *inter alia*, that the alleged attempted sexual assault was

---

[1] In summarizing the pertinent portion of the trial evidence, the Court makes no credibility findings or other factual findings regarding the truth or falsity of evidence or statements of fact in the state court. The Court summarizes same solely as background for this order.

2

redundant of and incidental to the alleged completed sexual assault. He argued that the charge was redundant because: (a) the State had alleged that Young committed attempted sexual assault "by lifting the buttocks of [A.W.] in an effort to place his penis into her vaginal opening;" but (b) he instead "lifted her buttocks in a *successful* attempt to place his penis into her vagina." (ECF No. 26-24, at 16, with emphasis added.)

The State argued in response that the attempted sexual assault was not merely incidental to and part of the completed sexual assault on the following basis:

> Here, Young intended to have sex with his daughter. He crawled into bed with her, taking his underwear and her panties off. (3 AA 498). He did *these acts* in an attempt to have sex with her. He continued to try to insert his penis into her vagina. (3 AA 498). [A.W.] testified that Young kept "trying to put it in, but it wasn't working." (3 AA 498). She stated it took him a good ten minutes before he was able to finally insert his penis into her. (3 AA 559).
>
> [A.W.] testified that her father was grinding his penis on her back side, while he attempted to insert his penis into her vagina. (3 AA 54 7). He tried for awhile, but did not succeed. (3 AA 54 7). This is when Young decided to flip [A.W.] into another position. (3 AA 547). (3 AA 559). He rubbed [A.W.'s] vagina and opened her vaginal lips for over ten (10) minutes trying to get his penis inside of her. (3 AA 559). He was doing all he could to get his penis inside his petite daughter. (3 AA 657). Finally, Young lifted up her buttocks in yet another attempt to insert his penis inside of her. (3 AA 499).
>
> Thus, the Attempt Sexual Assault is a separate charge from the Sexual Assault resulting from separate acts than the Sexual Assault. *There was a gap of time between the two acts and it took Young having to flip [A.W.] over into another position in order for him to succeed in inserting his penis inside of her. As such, the separate conviction for Attempt Sexual Assault should stand.*

(ECF No. 26-25, at 16-17, with emphasis added.)

The State did not address how this argument was consistent with the basis for the charge alleged in the second amended information.

The state supreme court thereafter rejected Young's challenge to the sufficiency of the evidence in a generalized discussion that did not address specific issues as to,

3

*inter alia*, attempt. (*See* ECF No. 26-27, at 2-3.) On the redundancy claim, however, the state supreme court further held:

> Second, Young asserts that the convictions for attempted sexual assault and sexual assault are redundant. Distinct assaults that are nevertheless part of a single event may be charged separately. Deeds v. State, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981). *Here, the digital penetration, the ten minutes of frustrated attempts at genital insertion, and the **completed** intercourse **after a change in position**, are distinct acts that each support their respective convictions.* See Wright v. State, 106 Nev. 647, 650, 799 P.2d 548, 549–550 (1990); see also Townsend v. State, 103 Nev. 113, 120, 734 P.2d 705, 710 (1987).

(ECF No. 26-27, at 3, with bold and italic emphasis added.)

The state supreme court also did not address how this rationale was consistent with the basis for the charge alleged in the second amended information.

On federal habeas review, respondents did not respond to the particular claim discussed in this order. Respondents instead addressed only a challenge to the sufficiency of the evidence based upon consent by the alleged victim. (ECF No. 52, at 7 & 9-10.)

At the outset, respondents must respond in an answer to all claims presented.

Moreover, the Court would like for the parties to address – with citation to apposite authority – the impact of the variance between the basis for the charge in the second amended information and the rationale relied upon by the state supreme court to support a conclusion that the evidence supported a separate conviction for attempted sexual assault.

The parties should address, *inter alia*: (a) whether reviewing courts can find the evidence of an offense sufficient under *Jackson v. Virginia*, 443 U.S. 307 (1979), on a factual basis different from that alleged in the charging instrument; (b) if so, whether any related notice claim must be separately exhausted and alleged; and (c) whether the evidence in Young's case was sufficient if the supporting factual basis that can properly be considered instead is restricted to the factual basis alleged in the charging instrument.

### *Ground 3*

In Ground 3, Young alleges that he was denied due process rights to a fair trial and to be presumed innocent under the Fifth and Fourteenth Amendments when recordings of jailhouse telephone calls were admitted at trial without redaction of all references to their jailhouse origin.

Young filed two exhibits in the federal record potentially pertaining to this claim. Exhibit 88 is on a CD including audio files with eleven jailhouse calls placed by Young. (ECF No. 28.) Exhibit 89 is a transcript prepared from the audio files. (ECF No. 27.)

The trial record does not appear to reflect that an exhibit corresponding specifically to either Exhibit 88 or Exhibit 89 was introduced at Young's trial. The trial exhibit instead appears to have been a CD with redacted audio files from only two phone calls to Angela Sublett on March 12 and March 13, 2007. (*See* ECF No. 25-3, at 68-71; ECF No. 26, at 32-38.)

To assess the prejudice to Young on the harmless-error issue presented in Ground 3, the Court should review, if possible, a copy of the actual trial exhibit with the redactions made in that exhibit. The redactions made in the trial exhibit do not appear to be reflected in either Exhibit 88 or Exhibit 89, which additionally include calls that do not appear to have been included in the trial exhibit.

IT IS THEREFORE ORDERED that, within thirty (30) days of entry of this order, respondents shall file a supplemental answer addressing the Ground 1(b) claim discussed herein, including the additional subsidiary issues discussed herein. Petitioner may file a supplemental reply within thirty (30) days of service of the supplemental answer.

IT IS FURTHER ORDERED that, within sixty (60) days of entry of this order, petitioner shall manually file an exhibit containing an accurate copy of the audio files in the State's Exhibit 1 at Young's trial. Respondents' counsel shall provide any assistance required for petitioner's counsel to be able to secure and file an accurate copy of the trial exhibit.

The Court is seeking to resolve this matter as expeditiously as possible. Extensions of time to comply with this order should be sought only in extraordinary circumstances. Any requests for extension based upon scheduling conflicts with other cases in this District should be sought in the later-filed case absent such extraordinary circumstances.

DATED: May 13, 2019.

_____
RICHARD F. BOULWARE, II
United States District Judge