UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANNY ANDREW YOUNG,

*Petitioner,*

v.

BRIAN WILLIAMS, *et al.,*

*Respondents*.

Case No. 2:12-cv-00524-RFB-NJK

**ORDER**

This represented habeas matter under 28 U.S.C. § 2254 is pending on, *inter alia*, petitioner Danny Young's motion for release (ECF No. 78).

The Court will defer ruling on the motion for release until after the September 9, 2020 evidentiary hearing as the Court finds that evidence likely to be adduced at the hearing will be relevant to a determination of the motion for release.

However, the Court is concerned following Young's representations in his recent reply that: (a) the videoconferences agreed to by respondents, prior to Young withdrawing his related motion then as moot, could be canceled or postponed on short notice; and (b) Young in the meantime is not permitted to confer with counsel by phone in confidence because a caseworker remains in a position where they can listen. (See ECF No. 85, at 6-7.)

Given the short time left before the evidentiary hearing, the Court will direct respondents to: (a) make the videoconferences available without such condition or contingency; and (b) allow Young to confer with counsel by telephone with the presence of a staff member who may only observe without the ability to also listen to the call.

The Court acknowledges the deference generally accorded prison authorities under the law as to the specifics of prison management. But these are capabilities that respondents have agreed to provide, leading to the withdrawal of Young's motion for client access, and which further are consistent with NDOC's regulations. Moreover, Young has a protected constitutional and statutory right to effectively confer in confidence with his CJA-appointed counsel in preparation for the evidentiary hearing.

Looking first at the legal calls, the copy of NDOC AR 722.11(4) on the department's website states that where a legal call is being placed on an institutional phone, a staff member shall "observe the inmate throughout the call, but not listen to the call." This regulation contemplates NDOC having the capability for a staffer to observe an inmate during a legal call, such as through a glass window or partition, without also being in a position, such as inside the room with the inmate, where they are able to listen to the confidential call. The Court is ordering respondents to do what the regulation requires.

Regarding possible cancelation or postponement of videoconferences, the Court understands that there are competing priorities as to the use of the videoconference capability. However, the evidentiary hearing is only approximately three weeks away; and this is a capability that respondents have agreed to provide within that limited time frame. Counsel needs to be able to confer with Mr. Young in a timely manner in preparation for the hearing, which preparation may include further action steps by counsel that follow upon conferring with the client. The other competing priorities faced by NDOC no doubt is substantial. As is Mr. Young's right to effectively access the courts through CJA-appointed counsel, which right the Court will protect.

Finally, if this order notwithstanding, Mr. Young nonetheless is not able to confer timely, effectively, reliably and confidentially with his counsel, the Court may revisit its current stance vis-à-vis release prior to the hearing.

Otherwise on the pending motion for release, absent any earlier action on the motion as discussed above, the Court will hear oral argument on the motion during the evidentiary hearing proceedings, likely toward the end of the proceedings. Specifically

regarding COVID-19, the Court is not sanguine that it should make factual determinations regarding the COVID-19 risks faced specifically by Mr. Young based upon press reports or even public records that speak to prison conditions only generally. Indeed, the Court knows nothing at this point regarding the specific conditions in which Mr. Young is being held, such as whether he is in a two-person cell with limited interaction with other persons or instead is in a dormitory-type setting with constant exposure to multiple persons, including persons such as correctional staff regularly interacting with the general population in the free world. The Court accordingly will allow the parties, should they so wish, to present expert or other testimony on the pending motion related to the degree of COVID-19 risk faced specifically by Mr. Young in custody, with the requirements specified in the disposition paragraphs below for any such testimony.

**IT THEREFORE IS ORDERED** that respondents, including the immediate custodial respondent:[1] (a) shall make the videoconferences available as previously agreed with petitioner's counsel without qualification, contingency, or delay as to whether the videoconferences will be held when and as previously agreed; and (b) shall allow petitioner also to confer in confidence with counsel by telephone as also previously agreed without any staff observer being in a position where they are able to also listen to the calls. Petitioner must be afforded at least two videoconferences per week including this week between today and the date of the evidentiary hearing. These videoconferences must be at least 60 minutes in duration.

---

[1] The state corrections department's website reflects that a different individual has become warden of Southern Desert Correctional Center subsequent to the filing of the petition. Under Rule 25(d) of the Federal Rules of Civil Procedure, an officer's successor is automatically substituted as a party even absent a formal express substitution order. The Court in past cases has rejected argument maintaining that NDOC is a third party with respect to orders directed to, *inter alia*, a state inmate's custodial respondent. The Court further has noted, in regard to securing compliance over such an objection, its authority recognized in the Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases to allow the addition of any further respondents where "to do so would serve the ends of justice."

**IT IS FURTHER ORDERED** that if the respondents, including the new warden, do not comply with all aspects of this order, the Court may impose monetary or other sanctions against respondents to compel compliance.

**IT FURTHER IS ORDERED** that: (a) the Court will hear oral argument on petitioner's motion for release (ECF No. 78), during the evidentiary hearing on **September 9, 2020**, if the motion has not been conclusively acted on prior to that time; and (b) the parties may present expert or other testimony on the motion at the evidentiary hearing, with the proviso that, by **5:00 p.m.** on **Friday, September 4, 2020,** counsel must provide opposing counsel with (i) an expert written report (which may be in the form of a signed letter report) and curriculum vitae for any testifying expert, and (ii) the identity and nature of the testimony for any other witnesses for the motion.

**DATED**: August 17, 2020.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**